Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5047 | **DATE** | 6/19/2002 |
| **CASE TITLE** | RIAN DAVIS vs. TEAMSTERS LOCAL UNION NO. 705 ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant United Parcel Service, Inc.'s bill of costs is granted in part. Defendant United Parcel Service, Inc. is awarded $2,052.75 ($1,972.75 in deposition costs and $80.00 in witness attendance costs). Defendant Teamsters Local Union No. 705's bill of costs is granted in part. Defendant Teamsters Local Union No. 705 is awarded $690.95 ($660.75 in deposition costs and $30.20 in copying costs). ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUN 2 0 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 31 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 6/19/2002 | |
| CB | courtroom deputy's initials | 02 JUN 19 PM 2:46 | date mailed notice PW mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RIAN DAVIS, ) | |
| ) | |
| Plaintiff, ) | No. 01 C 5047 |
| ) | |
| v. ) | Suzanne B. Conlon, Judge |
| ) | |
| TEAMSTERS LOCAL UNION NO. 705, et al., ) | |
| ) | |
| Defendants. ) | |

DOCKETED
JUN 2 0 2002

## MEMORANDUM OPINION AND ORDER

Rian Davis ("Davis") sued Teamsters Local Union No. 705 ("Local 705") and United Parcel Service, Inc. ("UPS")(collectively, "defendants") for violations of § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Specifically, Davis claimed UPS breached the collective bargaining agreement by terminating him without just cause and Local 705 breached its duty of fair representation by failing to adequately contest his termination. The court granted summary judgment in favor of defendants. *Davis v. Teamsters Local Union No. 705*, 2002 WL 356382 (N.D. Ill. March 5, 2002). Defendants now seek costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920.

### DISCUSSION

**I.   Davis' Ability to Pay Defendants' Costs**

"[C]osts ... shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" Fed. R. Civ. P. 54(d). Generally, only two reasons justify denying costs: (1) misconduct by the prevailing party worthy of penalty; or (2) the losing party's inability to pay. *Weeks v.*

1

*Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997). Davis claims the court should deny each defendant's bill of costs because he lacks the ability to pay.

Davis bears the burden of showing he is unable to pay defendants' costs. *Corder v. Lucent Technologies, Inc.*, 162 F.3d 924, 929 (7th Cir. 1998). Actual indigency, not just limited financial resources, must be demonstrated in order to overcome the strong presumption favoring an award of costs. *Sanglap v. LaSalle Bank, FSB*, 194 F.Supp.2d 798, 801 (N.D. Ill. 2002). Although Davis claims he is indigent, he failed to provide an affidavit identifying his current income, assets and liabilities. Absent this information, Davis cannot establish his inability to pay costs now or in the future. *See McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994). Consequently, the court must tax costs.

## II.  Defendants' Bills of Costs

Recoverable costs are specified in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). Recoverable costs include: (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920. In their bills of costs, Local 705 and UPS seek costs incurred for depositions, witness attendance and copying. Davis objects, claiming defendants' costs are excessive.

### A.  Deposition Costs

Local 705 and UPS first seek $2,029.60 and $3,316.45, respectively, for costs incurred in obtaining the deposition transcripts of Davis, Don Belcher, Dan Campbell, Marcus Ealey and Wayne Zimmerman. Local 705 seeks an additional $156.95 in costs incurred in obtaining the deposition

transcript of Jim Luzinski. In evaluating costs, the court must determine whether: (1) the expenses are allowable under § 1920; and (2) the expenses are reasonable and necessary. *Deimer v. Cincinnati Sub-Zero Products, Inc.*, 58 F.3d 341, 345 (7th Cir. 1995).

1.  **Deposition Transcripts**

Section 1920(2) authorizes the taxing of deposition transcripts "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). To be recoverable, the materials must be "actually prepared for use in presenting evidence to the court." *EEOC v. Kenosha Unified School Dist. No. 1*, 620 F.2d 1220, 1227-28 (7th Cir. 1980). UPS used the deposition transcripts in briefing its motion for summary judgment. Rather than filing a separate motion for summary judgment, Local 705 adopted UPS' summary judgment motion. Indeed, approximately 80% of UPS' memorandum in support of its motion for summary judgment was dedicated to Davis' claim against Local 705. *See Crider v. Spectrulite Consortium, Inc.*, 130 F.3d 1238, 1241 (7th Cir. 1997)(In order to succeed on his claim against UPS, Davis was required to prove his claim against UPS as well as his claim against Local 705). Contrary to Davis' argument, Local 705 was not required to repeat UPS' work in order to recover its deposition costs. See *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 455 (7th Cir. 1998)(party may recover for reasonably necessary depositions not used in a motion or in court). Therefore, both UPS and Local 705 are entitled to recover their reasonable deposition costs.

Where an award of deposition costs is appropriate, the Judicial Conference has established $4.00 per page for an expedited transcript, $3.00 as the rate per page for an original transcript and $.75 as the rate per page for a transcript copy. *Cengr*, 135 F.3d at 456, *citing* VI Judicial Conference of the United States, Guide to Judiciary Policies and Procedures, Court Reporters Manual, ch. 20, pt. 20.3 (1998). UPS expended $1,219.80 for Davis' expedited deposition transcript (321 pages at

3

$3.80 per page), $441.35 for Belcher's expedited deposition transcript (91 pages at $4.85 per page), $314.90 for a copy of Campbell's deposition transcript (134 pages at $2.35 per page), $404.20 for a copy of Ealey's deposition transcript (172 pages at $2.35 per page) and $350.45 for a copy of Zimmerman's deposition transcript (163 pages at $2.15 per page). Local 705 expended $754.35 for a copy of Davis' deposition transcript (321 pages at $2.15 per page), $195.65 for a copy of Belcher's deposition transcript (91 pages at $2.15 per page), $288.10 for a copy of Campbell's deposition transcript (134 pages at $2.15 per page), $369.80 for a copy of Ealey's deposition transcript (172 pages at $2.15 per page), and $350.45 for a copy of Zimmerman's deposition transcript (163 pages at $2.15 per page). Absent any explanation as to why expedited transcripts were necessary, UPS is only entitled to the $3.00 per page rate for the original deposition transcripts for a total of $1,236.00 (412 pages at $3.00 per page). *See Alsaras v. Dominick's Finer Foods, Inc.*, 99 C 4226, 2001 WL 1117275, at *2 (N.D. Ill. Sept. 19, 2001). In addition, UPS and Local 705 are only entitled to the $.75 per page rate for deposition transcript copies for a total of $351.75 (469 pages at $.75 per page) for UPS and $660.75 (881 pages at $.75 per page) for Local 705.

Local 705 seeks $143.00 for the deposition transcript of Jim Luzinski. However, the court cannot determine whether the costs incurred are reasonable because Local 705 failed to submit information regarding the rate paid per page. *McClain v. Owens-Corning Fiberglas Corp.*, No. 89 C 6226, 1996 WL 650524, at *1 (N.D.Ill. Nov. 7, 1996). Absent reliable verification that the expense for Luzinski's deposition is reasonable, the court declines to tax Luziniski's deposition cost.

**2.   Court Reporter Attendance Fees**

UPS seeks $385.00 in court reporter attendance fees incurred in taking the depositions of Davis and Belcher. UPS may recover court reporter attendance fees as part of the reasonable and

necessary costs in obtaining a deposition transcript under Section 1920(2). *See Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995). Therefore, the court awards UPS $385.00 for court reporter attendance fees.

3.  **Other Deposition Costs**

UPS seeks other expenses incurred in connection with the depositions, including $12.25 for copies of deposition exhibits, $35.00 for an ASCII disk, $125.00 for Min-U-Scripts (condensed deposition transcripts) and $28.50 for delivery. Local 705 similarly seeks $25.00 for a Min-U-Script, $12.25 for copies of deposition exhibits, $37.95 for delivery and $10.00 for "administrative support." Neither UPS or Local 705 explains why these charges were reasonable and necessary, rather than merely convenient. *See Smith v. Teamsters Local 705*, No. 96 C 1370, 1998 WL 887086, at *4 (Min-U-Scripts, ASCII disks and delivery charges incurred merely for the convenience of the attorneys); *Cengr*, 135 F.3d at 456 (costs of deposition exhibit copies not allowed where defendant already had copies of exhibits). Therefore, the court declines to award UPS and Local 705 these additional costs.

B.  **Witness Attendance Costs**

UPS seeks costs associated with obtaining Belcher's attendance at his deposition, including a subpoena service fee of $111.50 and $60.00 witness fee. Section 1920(1) authorizes fees for service of subpoenas. *See Collins v. Gorman*, 96 F.3d 1057, 1059 (7th Cir. 1996). Nevertheless, the fee cannot exceed the amount charged by the U.S. Marshal Service. *Id.* at 1060. The U.S. Marshal Service charges $40.00 per hour for the first two hours, $20.00 per hour for every hour thereafter plus $0.31 per mile. *Sanglap*, 194 F.Supp.2d at 802. The invoice submitted by UPS does

not indicate how long the service took or where service was effectuated. Therefore, the court will award only the $40.00 minimum charged by the U.S. Marshal's service for subpoena service.

Section 1920(3) authorizes witness fees. Nevertheless, the payment to a deponent may not exceed the statutory limit of $40.00 plus reasonable travel expenses and subsistence charges. 28 U.S.C. § 1821(b), (c). UPS fails to offer any evidence of Belcher's travel expenses and subsistence charges. Therefore, UPS' recovery for Belcher's witness fee is limited to $40.00.

## C. Copying Costs

Local 705 seeks $39.60 (232 pages at $0.20 per page) for three copies of each document copied internally. Section 1920(4) authorizes the taxing of costs for copies "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Under Section 1920(4), Local 705 may only recover for copies served on opposing counsel and/or filed with the court. *See Alsaras*, 2001 WL 1117275, at *2, *citing McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990). Local 705's internal copy cost of $0.20 per page is reasonable. *Figueroa v. City of Chicago*, No. 97 C. 8861, 2000 WL 1036019, at *2 (N.D. Ill. July 20, 2000). Therefore, Local 705 may recover $11.40 (57 pages x $0.20) for three copies of pleadings filed with the court based on the court's filing requirement of an original and one copy with a courtesy copy to chambers and $18.80 (94 pages x $0.20) for two copies of documents served on counsel for Davis and UPS for a total of $30.20.

UPS seeks recovery for their internal copying costs. However, UPS fails to identify the content and purpose of the copied documents as well as the number of copies and cost per copy. "A prevailing party may not simply make unsubstantiated claims that copies were necessary, 'since the prevailing party alone knows for what purpose the copies were made.'" *Kamler v. H/N Telecommunication Services, Inc.*, No. 00 C 4024, 2001 WL 1104655, at *1 (N.D. Ill. Sept. 19,

2001), *quoting Mortell v. MacNeal Health Care Serv. Corp.*, No. 99 C 4531, 2000 WL 804666, at *3 (N.D. Ill. June 21, 2000). In the absence of reliable verification that the copies were necessary, the court declines to tax UPS' internal copying costs.

June 19, 2002

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge